

NUMBER 13-07-00512-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**OSCAR RENE BENAVIDEZ,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant, Oscar Rene Benavidez, appeals from his conviction for the offense of delivery of more than four grams but less than 200 grams of a controlled substance (cocaine), a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2003). On November 11, 2001, appellant pleaded guilty to the offense. After

conducting a plea hearing and finding that the evidence substantiated appellant's guilt, the trial court, acting in accordance with the plea bargain, deferred further proceedings in the cause without entering a finding of guilt and placed appellant on community supervision (probation) for a term of eight years.

On May 16, 2003 and February 24, 2004, the State filed a first and a second motion to adjudicate guilt, alleging non-compliance with the conditions of probation. The motions were dismissed by agreement after the conditions were modified either by agreement of the parties or by the trial court. On August 11, 2006 and April 13, 2007, the State filed and then amended its third motion to adjudicate guilt, alleging violations of a number of conditions of probation.[1] After granting several requests for continuance based on appellant's dissatisfaction with appointed counsel, the trial court overruled appellant's final request and held a hearing on the State's amended motion to adjudicate.

At the hearing to adjudicate guilt, appellant entered a plea of "not true" to the allegations, and the trial court proceeded to a contested hearing on the motion. The State

---

[1]In its amended motion, the State alleged that appellant had violated the terms and conditions of his probation, specifically that he had: (1) failed to avoid injurious/vicious habits; (2) failed to report to his probation officer from February 2003 to August 2003, October 2003, January 2004, October 2005, March 2006, and from May 2006 through June 2006; (3) failed to pay the fine on the underlying cause, the monthly supervisory fee, the court-appointed attorney's fees, and the fee related to the DPS's analysis of the controlled substance; (4) failed to perform the 320 hours of community service; and (5) failed to avoid the use or abuse of any mind-altering drugs.

In addition, the State alleged that, on July 5, 2006, appellant violated the terms of his probation by committing the offense of aggravated sexual assault. He was later indicted and tried for aggravated sexual assault against his estranged wife and for burglary of a habitation with intent to commit sexual assault. *See Benavidez v. State*, No. 13-07-00670-CR, slip op. ¶ 1 (Tex. App.–Corpus Christi Oct. 8, 2009, no pet. h.) (mem. op.), *available at* http://www.13thcoa.courts.state.tx.us/opinions/htmlopinion.asp?OpinionId=18085. The jury acquitted appellant of both charges and found appellant not guilty of the lesser-included offense of burglary of a habitation with the intent to commit assault. *See id.* The jury did, however, find appellant guilty of aggravated assault, an offense submitted to the jury as a lesser-included offense of aggravated sexual assault. *See id.* Appellant appealed his conviction, and on October 8, 2009, concluding that there was no proper lesser-included offense of aggravated assault in that case and that the indictment did not contain a charge for the offense of aggravated assault, we vacated the trial court's judgment and remanded for entry of a judgment of acquittal as to the charge of aggravated assault. *See id.* at ¶ 8.

called five witnesses to support its allegations, including four probation officers and one criminal investigator. After hearing testimony, the trial court found that appellant had violated the terms and conditions of his deferred community supervision, proceeded to adjudicate appellant's guilt of the original charge, revoked his probation, and, after duly considering the full range of punishment for a first-degree felony, sentenced appellant to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

Concluding that appellant's "appeal contains no errors for the appellate court's consideration and review," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that, in his professional opinion, appellant's "alleged claim of reversible errors is unmeritorious and does not warrant appellate review" and that the "case herein presents no legal issues to support a meritorious appeal." Counsel's brief discusses the portion of the record pertinent to the following arguable grounds of error presented: (1) the trial court erred in denying appellant's motion for continuance because lead counsel was unavailable; (2) the trial court erred in denying appellant's motion to withdraw his guilty plea in the deferred case; (3) the State failed to prove that appellant violated the terms and conditions of his probation; and (4) the trial court abused its discretion in sentencing appellant to fifteen years in the state penitentiary when his deferred adjudication plea had been for eight years. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas,

3

an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) after carefully examining and studying the record, found no issue which would warrant appellate review from this Court; (2) forwarded a copy of the brief and the request to withdraw as counsel to appellant; and (3) informed appellant of his right to review the record and file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. Independent Review

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found

---

[2]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on June 16, 2009. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[3] *See*

---

[3]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 15th day of October, 2009.